**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:19-CV-035-KDB-DCK**

| | | |
|---|---|---|
| **SCSI, LLC, and SCSI (SUZHOU) QUALITY SERVICE CO., LTD.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| **KACO USA, INC.,** | ) ) | |
| **Defendants.** | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Compel Discovery Responses And To Extend The Scheduling Order" (Document No. 33). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

## BACKGROUND

SCSI, LLC, "as assignee SCSI (Suzhou) Quality Service Co. Ltd., Inc., (collectively 'Plaintiff' or 'SCSI')" initiated this action with the filing of a "Verified Complaint" on March 28, 2019. (Document No. 1, p. 1). SCSI is an Illinois company and is the assignee of certain agreements at issue in this lawsuit "from SCSI (Suzhou) Quality Service Co. Ltd., a Chinese corporation and affiliate of SCSI." <u>Id.</u> Kaco USA, Inc. ("Defendant" or "Kaco") is a Delaware corporation with a principal place of business in Lincolnton, North Carolina. <u>Id.</u>

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 12) on July 26, 2019. The original deadlines included: April 23, 2020 – discovery completion and mediation report; May 22, 2020 – dispositive motions; and November 16, 2020 – trial term. <u>Id.</u>

The "Pretrial Order…" allowed each party up to **twenty-five (25)** interrogatories, including subparts;" "**twenty-five (25)** requests for production of documents;" and "no more than **six (6)** depositions of non-expert witnesses." (Document No. 12 p. 4).

On September 24, 2019, Plaintiff SCSI, LLC filed a "Motion For Leave To File Amended Complaint" (Document No. 20) "to add SCSI (Suzhou) Quality Service Co. as a plaintiff." (Document No. 20, p. 2). Defendant did not oppose the amendment. Id. The Amended Complaint did not add any underlying factual allegations or causes of action, "but rather merely adds SCSI (Suzhou) Quality Service Co. as a named party." Id. see also (Document Nos. 20-1 and 22).

The "Amended Verified Complaint" (Document No. 22) (the "Complaint"), like the original Complaint, includes counts against Defendant Kaco for: (1) breach of contract; (2) unjust enrichment; and (3) account stated. (Document No. 22, pp. 5-7). The crux of the Complaint is the allegation that Defendant has failed to pay approximately 49 invoices totaling $456,461.58. (Document No. 22, p. 7; Document No. 34, pp. 2-3).

The undersigned allowed joint motions to extend deadlines on April 1 and July 20, 2020, and allowed a consent motion giving Defendant more time to respond to discovery requests on July 23, 2020. See (Document Nos. 26, 28, and 30). The revised deadlines include: mediation report – October 20, 2020; discovery completion – October 20, 2020; and dispositive motions – November 10, 2020. (Document No. 28). Defendant's responses to SCSI LLC's Second Set of Interrogatories and Requests for Production of Documents, and SCSI (Suzhou) Quality Service Co. Ltd.'s First Set of Interrogatories and Requests for Production of Documents were due by September 14, 2020. (Document No. 30).

On October 5, 2020, Plaintiffs filed the pending "…Motion To Compel Discovery Responses And To Extend The Scheduling Order" (Document No. 33).  The motion to compel has now been fully briefed.  <u>See</u> (Document Nos. 34, 35, and 36).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979);  and <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  <u>See</u> <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

3

Fed.R.Civ.P. 37(a)(5)(A).

## DISCUSSION

SCSI, LLC ("SCSI") and SCSI (Suzhou) Quality Service Co., Ltd. ("SCSI – Suzhou") (together "Plaintiffs") seek full and complete responses to their discovery requests. (Document No. 33). Plaintiffs note that Defendant served responses to SCSI's second set of discovery on September 25, 2020, and SCSI-Suzhou's first set of discovery on September 28, 2020. (Document No. 34, p. 4). Plaintiffs assert that these responses were late and "woefully deficient." Id.

Plaintiffs argue that Defendant should be compelled to supplement its responses to SCSI-Suzhou's "Interrogatory Nos. 3 and 4 (including the subparts) and further supplement its responses to SCSI (Suzhou)'s Requests for Production Nos. 2, 3, 7, 8, 11, 13, 14, 15, 16, 17, 18, 19, 22, 23 and 24, and produce all documents responsive to these requests." (Document No. 34, p. 7). In addition, Plaintiffs seek supplementation of the response to SCSI's Interrogatory Nos. 1 and 2, and Requests for Production Nos. 6, 7, and 8. (Document No. 34, p. 8). Plaintiffs also request that Defendant be directed to serve verifications of its answers. (Document No. 34, p. 9).

Plaintiffs' motion further requests an extension of case deadlines; however, that request now appears to be moot. (Document No. 34, p. 9). A Mediation Report (Document No. 37) was filed on November 3, 2020 and dispositive motions (Document Nos. 40 and 42) were filed on November 10, 2020.

In anticipation of Defendant's position on the motion to compel, Plaintiffs make two main arguments. (Document No. 34, pp. 6-7). First, they assert that Defendant waived any purported objections to the discovery requests by failing to state them by September 14, 2020. Next, Plaintiffs contend that Defendant has wrongly suggested that Plaintiffs' discovery requests exceed the limits in the Case Management Order. (Document No. 34, p. 6) (citing Document No. 12).

4

Plaintiffs contend that *each party* is allowed to serve 25 interrogatories and 25 requests for production.  Id.

In its brief in opposition, Defendant Kaco contends that the instant motion should be denied because it has "fully responded or raised a valid objection to each discovery request." (Document No. 35, p. 1).  According to Defendant, Plaintiffs' discovery requests include 15 interrogatories and 25 document requests that exceed the limits set by the Case Management Order.  (Document No. 35, p. 4)

Defendant first acknowledges that some of its discovery responses were served after the extended deadline, but argues that there was good cause for the delay and that appropriate notice was provided to Plaintiffs' counsel.  (Document No. 35, pp. 4-5).  Moreover, Defendant contends that "counsel for Plaintiffs specifically communicated an informal extension for Defendant KACO to serve its responses."  (Document No. 35, p. 6).

Next, Defendant argues that SCSI-Suzhou, "as the alleged assignor of the contracts at issue in this litigation to Plaintiff SCSI, should not be permitted to serve additional interrogatories or requests for production beyond the limit of 25 each set forth by the Pretrial Order and Case Management Plan."  Id. (citing Document No. 12 and Fed.R.Civ.P. 33).  Defendant further argues that Plaintiffs are attempting to take advantage of its "willingness to allow for the correction of the real party in interest and expand its number of permitted interrogatories" even though SCSI "stands completely in the shoes of SCSI (Suzhou)" with respect to the contracts at issue.  (Document No. 35, p. 7).

Defendant contends that Plaintiffs "appear to consider themselves as a single party" and have acknowledged that there is not differentiation between them with respect to the contracts at issue.  (Document No. 35, p. 8).  Regardless of the foregoing arguments, Defendant asserts that

5

the motion to compel is moot because it answered the additional discovery. (Document No. 35, p. 9). Defendant's brief notes that it has served supplemental responses. (Document No. 35, pp. 4, 10) (citing Document No. 35-2). Additionally, Defendant states that it consents to any extensions of case deadlines. (Document No. 35, p. 10).

In reply, Plaintiffs argue that they did not consent to giving Kaco more time to complete discovery, and that Defendant's production was not delayed by good cause and is still deficient. (Document No. 36, p. 1).

Plaintiffs assert that Defendant's supplementations "continue to suffer from similar deficiencies as the original responses." (Document No. 36, p. 5). In particular, Plaintiff seems unwilling to accept Defendant's representations that it has produced all the documents in its possession involving SCSI, but will supplement its response(s) if it can locate any additional documents responsive to Plaintiffs' requests. See (Document No. 36, pp. 5-6). Plaintiffs go on to identify specific deficiencies the undersigned will address below. (Document No. 36, pp. 6-8).

As an initial matter, the undersigned finds that much of the foregoing dispute was probably avoidable with better communication between counsel and/or by counsel seeking earlier assistance from the Court. First and foremost, the parties take a different view of the number of allowed discovery requests. Despite these different interpretations, it appears that Defendant has been mostly cooperative, albeit with some delays. Consistent with "no good deed goes unpunished," Defendant now finds itself subject to a motion to compel because it purportedly did not sufficiently respond to Plaintiffs' nearly doubled discovery requests.

As noted in the briefs, there was one Plaintiff in this case at the time of the "Pretrial Order And Case Management Plan" (Document No. 12) – "SCSI, LLC as assignee of SCSI (Suzhou)." SCSI-Suzhou was added as a new and separate Plaintiff about two months later. See (Document

No. 22).  Although the discovery limits are set forth as being per "party," the Court did not anticipate that by allowing Plaintiff to amend the Complaint to add SCSI-Suzhou, Plaintiff(s) would thus be allowed to double the discovery limits to 50 interrogatories, 50 requests for production of documents, and 12 depositions, as Plaintiffs seem to suggest in their briefs.  Such a conclusion is a more generous interpretation than the undersigned would have reached when the Complaint was amended, and is very unlikely to be how the discovery limits would have been structured if both Plaintiffs were named parties at the time of the drafting of the case management order.

In the undersigned's experience, although there are exceptions, the discovery limits tend to be balanced per side, rather than allowing each party in a case its own limits, especially in a case like this where one Plaintiff is the assignee of the other Plaintiff.  Under these circumstances, the undersigned will direct Defendant to further supplement some responses, if possible, but will decline to award Plaintiffs' costs and fees associated with this discovery dispute and motions practice.

Defendant is directed to further supplement its responses as follows:

1.  Identify all responsive documents, by Bates number, to SCSI-Suzhou's Interrogatory No. 1(h).  (Document No. 35-2, p. 13).

2.  Identify the documents Defendant claims are responsive to SCSI's Request For Production Nos.  1-7, for each request.  (Document No. 35-2, pp. 6-9).

3.  Identify all responsive documents, by Bates number, to SCSI's Interrogatory No. 1(e).  (Document No. 35-2, p. 5).

4.  Provide specific responses to SCSI-Suzhou's Interrogatory No. 2(a)-(c). (Document No. 35-2, p. 14).

5.  Provide specific responses to SCSI-Suzhou's Interrogatory No. 3 (a)-(d) regarding rework of Parts (not *rejected* parts).  (Document No. 35-2, pp. 14-15).

6.  Provide specific responses to SCSI-Suzhou's Interrogatory No. 4(a)-(f). (Document No. 35-2, pp. 15-16).

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Compel Discovery Responses And To Extend The Scheduling Order" (Document No. 33) is **GRANTED in part** and **DENIED in part**, as discussed herein.  Defendant shall provide supplementations and/or confirmations that its responses are complete and verified, on or before **December 31, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of costs and fees is **DENIED**.

**SO ORDERED**.

Signed: December 9, 2020

David C. Keesler
United States Magistrate Judge

8